JAMES McDONNELL *vs.* CAMBRIDGE RAILROAD COMPANY.

Middlesex.   January 14, 1890. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Action of Tort — Declaration — Damages — Evidence.*

In an action of tort, under a count alleging injury to the plaintiff's tenement-house from the flow of water from melting ice and snow deposited by the defendant upon a lot of land and private way opposite the plaintiff's premises, no recovery can be had for injury to the land as distinct from the house, or of nominal damages, if no injury was done to the building.

Under another count in the same action, alleging that the plaintiff was hindered and deprived of the free use of the way by the obstructions placed on it by the defendant, evidence of injury to his property, or of obstructions not injurious to the plaintiff personally, is not competent.

TORT to recover damages caused by the deposit of ice and snow by the defendant upon a lot of land and private way opposite the plaintiff's premises, and by the obstruction of the way. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the plaintiff for nominal damages;

and the plaintiff, being dissatisfied therewith, alleged exceptions. The facts appear in the opinion.

*G. A. Perkins,* for the plaintiff.

*M. F. Dickinson, Jr.,* for the defendant.

W. ALLEN, J. The plaintiff owned a tenement-house lying upon a private way. The defendant hired from the owner of the land, on the opposite side of the way, the right to deposit snow and ice upon the land, and did deposit snow and ice upon the land, and also upon the way opposite the plaintiff's premises, and put other temporary obstructions in the way. The water formed by the melting of the snow and ice so deposited by the defendant flowed over the plaintiff's premises, which were in the possession of his tenants. The first count of the plaintiff's original declaration alleges damage to his buildings from the water, and the second count alleges that the plaintiff, his servants and tenants, were hindered and deprived of the free use and enjoyment of the way by the obstructions placed in it by the defendant.

Under the first count, the jury were instructed, in substance, that the defendant was responsible for all the injury to the plaintiff's premises which could be traced to the snow and ice deposited by the defendant. The plaintiff objects that the damages were limited to actual injury to the house, and that the jury was not instructed that they might find nominal damages in respect of the land. The plaintiff made no claim at the trial for injury to the land, as distinct from the house, or for nominal damages, if no injury was done to the house. The undermining of the house by the washing away of the land, was the injury claimed. In his amended and substituted declaration, he does not declare for damage to land, but to buildings; in his prayer for instructions, he asked to " recover such damages as will replace his building in its condition previous to the wash-out." The instructions given were: " All the injury to plaintiff's house which you can trace to that deposit, defendant is responsible for. . . . Ascertain . . . what effect this melted snow flowing upon plaintiff's premises produced upon his estate, . . . then you will inquire what sum of money would restore that house to the condition it was in before anything arising out of the act of the defendant injured it." The instructions asked for by the plain-

tiff, in respect to damages under the first count, were given in substance; in other respects, the instructions given were more favorable for the plaintiff than were those asked for by him. The instructions given were not excepted to, and no instruction was asked for in respect to damages under the first count which was not given.

The court properly excluded evidence that the plaintiff was injured in his property by the obstructions in the way. No injury to property is alleged in the second count, and if any was caused, it was to the leasehold, and not to the plaintiff's reversion. Under this count, the jury were instructed that the plaintiff had a right to pass over the way to go to the tenement of which he was landlord; and that, so far as he was incommoded in exercising that right by obstructions placed in the way by the defendant, the defendant was liable in damages, and if there was no substantial injury to the plaintiff, he was entitled to nominal damages. These instructions were not excepted to. The plaintiff had asked for instructions that he was entitled to the unobstructed use of the way for its entire width for travel; and that, if the way was obstructed by the defendant, and the plaintiff was inconvenienced or damaged thereby, as to either himself or his property, he was entitled to a verdict, and was not limited to the recovery of nominal damages. So far as these would authorize a recovery for injury to property, or a recovery of substantial damages where there was no substantial injury, they were properly refused. Except in these respects, they were given in substance.

The plaintiff testified that he suffered no personal injury from the obstructions, except his inconvenience in passing to his tenement-house on business with his tenants. The testimony of the teamster, Corcoran, in regard to obstructions in the way which he noticed, and the inconvenience they were to travellers, was properly excluded on the ground stated by the court, that there was no evidence that the plaintiff personally was injured by them. It did not tend to prove any personal injury to the plaintiff. The evidence appears to have been offered with a view of showing injury to property.

*Exceptions overruled.*